ORIGINAL

LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

FILED
JAN 16 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MORGAN,<br><br>Plaintiff,<br><br>vs.<br><br>COASTLINE FOOD SERVICES CORP. dba WENDY'S #023; JACQUELYN LITTLEFIELD as SOLE TRUSTEE of the LOUIS B. METZGER TRUST,<br><br>Defendants. | No. '08 CV 0096 L RBB<br><br>**Plaintiff's Complaint** |

## I. SUMMARY

1. This is a civil rights action by plaintiff Richard Morgan ("Morgan") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Wendy's #23
121 Broadway
San Diego, CA 92101
(hereafter "the Restaurant")

2. Morgan seeks damages, injunctive and declaratory relief, attorney fees and costs, against Coastline Food Services Corp. dba Wendy's #023; Jacquelyn Littlefield as sole Trustee of the Louis B. Metzger Trust (collectively "Wendy's") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Morgan's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Wendy's owns, operates, or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

8. Morgan was diagnosed with non-Hodgkin's Lymphoma in 1994. After being diagnosed, he began chemotherapy treatments. Due to the chemotherapy treatments, he began suffering from peripheral neuropathy; soon thereafter, he was diagnosed with a severe seizure disorder, for which he has undergone two brain surgeries. Morgan is able to stand briefly before his legs give out, however, he cannot walk. He uses an electric wheelchair when traveling about in public. Consequently, Morgan is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Morgan visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Morgan, attached as Exhibit A to this Complaint is a true and accurate list (with photos) of barriers that denied his access to the Restaurant.

11. Morgan was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12. Morgan also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability; these unrelated barriers are included within Exhibit A as a courtesy to the defendants, so the defendants can avoid inadvertent acts of discrimination against the

disabled. Nothing within this Complaint, however, should be construed as an allegation that Morgan is seeking to remove barriers unrelated to his disability.

13. Wendy's knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Wendy's has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the facility accessible to the physically disabled. To date, however, Wendy's refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Wendy's has possessed and enjoyed sufficient control and authority to modify the subject property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Wendy's has not removed such impediments and has not modified the subject property to conform to accessibility standards. Wendy's has intentionally maintained the subject property in its current condition and has intentionally refrained from altering the subject property so that it complies with the accessibility standards.

15. Morgan further alleges that the (continued) presence of barriers at the facility is so obvious as to establish Wendys' discriminatory intent.[1] On information and belief, Morgan avers that evidence of this discriminatory intent includes Wendys' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the facility; conscientious decision to the architectural layout (as it currently exists) at the facility; decision not to remove barriers from the facility; and allowance that Wendys' property continues to exist in its non-compliant state. Morgan further alleges, on information and belief, that Wendy's is not in the midst of a remodel, and that

---

[1] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6

the barriers present at the facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16. Morgan incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Wendy's discriminated against Morgan by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

[2] Id.; 28 C.F.R. § 36.211(b)

21. Here, Morgan alleges that Wendy's can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Wendy's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Wendy's to remove the Restaurant's barriers, then Wendy's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Wendy's violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Morgan—when it was structurally practical to do so.[3]

Failure to Make an Altered Facility Accessible

26. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Wendy's altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Morgan—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Wendy's violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Morgan seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Morgan also seeks a finding from this Court (*i.e.*, declaratory relief) that Wendy's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33. Morgan incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of

the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Wendy's discriminated against the physically disabled public—including Morgan—by denying them full and equal access to the Restaurant. Wendy's also violated Morgan's rights under the ADA, and, therefore, infringed upon or violated (or both) Morgan's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Morgan seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Wendy's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

## **Unruh Civil Rights Act**

40. Morgan incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations,

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Wendys' aforementioned acts and omissions denied the physically disabled public—including Morgan—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Morgan by violating the Unruh Act.

46. Morgan was damaged by Wendys' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Morgan also seeks to enjoin Wendy's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

## **Denial of Full and Equal Access to Public Facilities**

48. Morgan incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Morgan alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52. Wendys' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Morgan and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Morgan prays judgment against Wendy's for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Wendy's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: January 14, 2008

DISABLED ADVOCACY GROUP, APLC

[signature]

LYNN HUBBARD, III
Attorney for Plaintiff

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# Exhibit A

# PRELIMINARY SITE ACCESSIBILITY REPORT

**Inspected October 10, 2007**

***Wendy's***
***121 Broadway***
***San Diego, California***

WENDY'S
121 Broadway
San Diego, CA

| | | |
|---|---|---|
| 1133B.7.1.3<br>1117 B.2 | 4.1.3 | 1. Public telephone not accessible height. |

**SEE PHOTO No. 1**

| | | |
|---|---|---|
| 1117 B.2.8 | 4.1.3 (17) (b)<br>4.31.5 (2) | 2. Public telephone has no volume contro |
| 1117 B. 5.8.3<br>Fig 11 B.-14C | 4.30.7<br>Fig 43 | 3. Public telephone has no ISA. |

**SEE PHOTO No. 2**

| | | |
|---|---|---|
| 1127 B. 5 | 4.8 | 4. Pedestrian ramp slope exceeds accessible limit of 8.33 percent. |
| 1117 B. 5.5.3 | 4.30.4 | 5. Entrance door ISA letters not 6 inches in height. |
| 1117 B. 5.7 | 4.30.6 | 6. Entrance door ISA not mounted 60 inches center line from the floor. |

**SEE PHOTO No. 3**

| | | |
|---|---|---|
| 1122 B. 4<br>Fig11B- 5D and F | 4.32.3 | 7. Order/pickup counter does not have a section 28 to 34 inches high and 36 inches wide and 24 inches deep maximum to accommodate a wheelchair occupant. |
| 1118 B.5 | 4.2.5 | 8. Self serve/condiment counter out of required reach range limits. |
| 1102 B<br>1114 B.1.2 | 4.3<br>4.3.3<br>Fig 7 (a & b) | 9. No accessible route through dining room. At least one aisle is less than 36 inches wide. Space between fixed tables do not allow for usage by a wheelchair occupant. |

| | | |
|---|---|---|
| 1104B.5.4<br>1122B.3<br>1118B.4.1 | 5.1<br>4.1.3(18)<br>4.32.2<br>4.2.4.1 | 10. Lunch counter does not have required seating wheelchair seating. |
| 1122 B. 3 | 4.32.2 | 11. Dining room seating does not offer 19 inches before an obstruction to accommodate a wheelchair occupant. |
| 1117 B. 5.8.1<br>Fig 11 B. – 6 | 4.30.7<br>Fig 43 | 12. Dining room seating has no ISA. |
| 1117 B. 5.4<br>1117 B. 5.1.3 | 4.1.2 (7) (d) | 13. No directional signage to the restroom. |
| 1117 B. 5.4<br>1117 B. 5.1.3 | 4.1.2 (7) (d) | 14. Signage to the restroom has no ISA. |
| 1115 B.7.1.4 | | 15. Inside stall door handle not mounted below latch. |
| 1115 B. 7.1.4 | 4.13.9 | 16. Stall door does not have flip or sliding latch. |

**SEE PHOTO No. 4**

| | | |
|---|---|---|
| 1102B | 4.3 | 17. Trash can is an obstruction to the water closet. |

**SEE PHOTO Nos. 5 and 6**

| | | |
|---|---|---|
| 1101B.3 | 36.211 | 18. Toilet seat not attached correctly. |
| 1115B.2.1.1.2 | 4.16.5 | 19. Water closet flush control not on wide side of stall. |
| 1115B.2.1.1.2 | 4.27.4 | 20. Flush control requires greater than 5 lbs pressure to operate. |

**SEE PHOTO No. 7**

| | | |
|---|---|---|
| 1115B. 9 2<br>Fig 11B-1A | | 21. Seat cover dispenser operable part 50 inches from floor, and mounted over the grab bar. |

**SEE PHOTO No. 8**

| | | |
|---|---|---|
| 1115B.9.2<br>Fig 11B-1A<br>1118B.3<br>1117B.6.2 | 4.27.2<br>36.211<br>4.3.3<br>4.2.1<br>Fig 3 (a)<br>4.27.2<br>4.27.7 | 22. Seat cover not located on required accessible route. Seat cover dispenser not mounted in front of the wall grab bar. |

***SEE PHOTO No. 7***

| | | |
|---|---|---|
| 1115B.9.3 | | 23. Toilet tissue dispenser is 16 inches in front of the water closet not required 12 inches in front. |

***SEE PHOTO No. 9***

| | | |
|---|---|---|
| | 4.17.3<br>Fig 30 | 24. Toilet tissue dispenser leading edge is 45 inches from back wall, not 36 inches maximum. |

***SEE PHOTO No. 10***

| | | |
|---|---|---|
| 1115B.9.3 | 4.17.3 | 25. Toilet tissue center 14 inches from the floor not 19 inches minimum, and not mounted below grab bar. |

***SEE PHOTO No. 9***

| | | |
|---|---|---|
| 1133 B.8.6.1 | 4.4.1 | 26. Toilet tissue dispenser protrudes more than 4 inches from wall. |

***SEE PHOTO No. 11***

| | | |
|---|---|---|
| 1115 B. 2.1.2.1<br>Fig 11 B. –D | | 27. Center of lavatory 9 inches from the wall not 18 inch minimum. |

***SEE PHOTO No. 12***

| | | |
|---|---|---|
| 1115 B.2.1.2.1<br>Fig 11 B-D | 4.19.2<br>Fig 31 | 28. Knee clearance under lavatory 28 inches not 29 inch minimum. |

**_SEE PHOTO No. 13_**

| | | |
|---|---|---|
| 1115 B.2.1.2.1<br>Fig 11 B. –D | 4.19.2<br>Fig 31 | 29. Drainpipes under lavatory 10 inches from the wall not 6 inch maximum. |
| 1115 B. 2.1.2.2 | 4.19.4 | 30. Hot water and drainpipes are not insulated. |

**_SEE PHOTO No. 14_**

***<u>THESE VIOLATIONS WERE FOUND IN THE WOMEN'S RESTROOM. ADDITIONAL VIOLATIONS MAY BE FOUND IN THE MEN'S RESTROOM.</u>***



1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



13.



14.



JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RICHARD MORGAN

**DEFENDANTS**
Coastline Food Services Corp. dba Wendy's #23; Jacquelyn Littlefield as Sole Trustee of the ~~Louis B. Metzger Trust~~

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
JAN 16 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

'08 CV 0096 L RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 01/15/2008 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146542 AMOUNT $350- 1/17/08 BH APPLYING IFP JUDGE MAG. JUDGE

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146542 - BH**

**January 17, 2008**
**14:11:22**

**Civ Fil Non-Pris**
USAO #.: 08CV0096 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.: $350.00 CK
Check#.: BC# 20557

**Total-> $350.00**

FROM: MORGAN V. COASTLINE FOOD SVCS
CIVIL FILING