Julie A. Vogelzang, State Bar No. 174411
Email: jvogelzang@luce.com
Lisa K. Widdecke, State Bar No. 213250
Email: lwiddecke@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for COASTLINE FOOD SERVICES CORPORATION and JACQUELYN LITTLEFIELD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>COASTLINE FOOD SERVICES CORP. dba WENDY'S #023; JACQUELYN LITTLEFIELD as SOLE TRUSTEE of the LOUIS B. METZGER TRUST,<br><br>Defendant. | Case No. 08 CV 0096 L RBB<br><br>ANSWER TO COMPLAINT<br><br>Complaint Filed: January 16, 2008<br>Trial Date: None Set |

Defendant Jacquelyn Littlefield as Sole Trustee of the Louis B. Metzger Trust ("answering defendant" or "Littlefield") hereby answers the Complaint filed by Plaintiff Richard Morgan ("plaintiff") for alleged discriminatory practices in public accommodations (the "Complaint") as follows:

**I.**

**SUMMARY**

1. In response to paragraph 1 of the Complaint, answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and on that basis denies said allegations.

2. In response to paragraph 2 of the Complaint, answering defendant denies that plaintiff is entitled to damages or any other relief as against answering defendant, including injunctive or otherwise.

## II.

## JURISDICTION

3. Paragraph 3 of the Complaint contains jurisdictional allegations which require a legal conclusion and to which no response is required. To the extent a response is required, answering defendant admits this Court has original jurisdiction of plaintiff's claims brought under Title III of the Americans with Disabilities Act ("ADA").

4. Paragraph 4 of the Complaint contains jurisdictional allegations which require a legal conclusion and to which no response is required. To the extent a response is required, answering defendant denies the propriety of supplemental jurisdiction over plaintiff's state law claims.

5. Paragraph 5 of the Complaint contains a statement of law and allegations which require a legal conclusion to which no response is required. To the extent a response is required, answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained in said paragraph, and on that basis denies said allegations.

## III.

## VENUE

6. Paragraph 6 of the Complaint contains venue allegations to which no response is required. To the extent a response is required, answering defendant admits only that the conduct set forth in the Complaint allegedly occurred at facilities located at 101 Broadway, San Diego, California (the "Subject Property"), and thus, venue is proper in the Southern District of California. Answering defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in said paragraph, and on that basis denies said allegations.

## IV.

## PARTIES

7. In response to paragraph 7 of the Complaint, answering defendant denies that Littlefield owns, operates or leases the Restaurant. Answering defendant lacks knowledge and information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

8. In response to paragraph 8 of the Complaint, answering defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

## V.

## FACTS

9. Paragraph 9 of the Complaint contains a statement of law and allegations requiring a legal conclusion to which no response is required.

10. In response to paragraphs 10 through 15 of the Complaint, answering defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

## VI.

## FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

11. In response to paragraph 16 of the Complaint, answering defendant incorporates by reference her responses to paragraphs 1 through 15 of the Complaint

12. Paragraph 17 of the Complaint contains a statement of law and allegations requiring a legal conclusion to which no response is required.

13. In response to paragraph 18 of the Complaint, answering defendant denies that she has committed any unlawful discrimination, act or omission in violation of the ADA or any other state or federal law, and on that basis denies the allegations contained therein.

14. Paragraphs 19 and 20 of the Complaint contain statements of law to which no response is required.

15. In response to paragraphs 21 and 22 of the Complaint, answering defendant denies that the architectural barriers at the restaurant are easily removable and further denies that she has committed any unlawful discrimination, act or omission in violation of the ADA or any other state or federal law, and on that basis denies the allegations contained therein.

16. Paragraphs 23 through 30 of the Complaint contain statements of law and allegations requiring a legal conclusion to which no response is required. To the extent a response is required, answering defendant denies she has committed any unlawful discrimination, act or omission in violation of the ADA or any other state or federal law, and on that basis denies the allegations contained therein.

17. In response to paragraphs 31 and 32 of the Complaint, answering defendant denies that plaintiff has been subjected to any alleged discrimination as a result of her alleged acts or omissions and further denies that plaintiff is entitled to any relief, injunctive, declaratory or otherwise, as requested in said paragraphs.

## VII.

## SECOND CLAIM

### Disabled Persons Act

18. In response to paragraph 33 of the Complaint, answering defendant incorporates by reference her responses to paragraphs 1 through 32 of the Complaint.

19. Paragraphs 34 through 36 of the Complaint contain statements of law to which no response is required.

20. In response to paragraph 37 of the Complaint, answering defendant denies she has committed any unlawful discrimination, act or omission in violation of the ADA or any other state or federal law, and on that basis denies the allegations contained therein.

21. In response to paragraphs 38 and 39 of the Complaint, answering

defendant denies that plaintiff has been subjected to any alleged discrimination as a result of her alleged acts or omissions and further denies that plaintiff is entitled to any damages or relief, injunctive or otherwise, as requested in said paragraphs.

**VIII.**

**THIRD CLAIM**

**Unruh Civil Rights Act**

22. In response to paragraph 40 of the Complaint, answering defendant incorporates by reference her responses to paragraphs 1 through 39 of the Complaint.

23. Paragraphs 41 through 43 of the Complaint contain statements of law to which no response is required.

24. In response to paragraphs 44 and 45 of the Complaint, answering defendant denies she has committed any unlawful discrimination, act or omission in violation of the ADA or any other state or federal law, and on that basis denies the allegations contained therein.

25. In response to paragraphs 46 and 47 of the Complaint, answering defendant denies that plaintiff has been subjected to any alleged discrimination as a result of her alleged acts or omissions and further denies that plaintiff is entitled to any damages or relief, injunctive or otherwise, as requested in said paragraphs.

**IX.**

**FOURTH CLAIM**

**Denial of Full and Equal Access to Public Facilities**

26. In response to paragraph 48 of the Complaint, answering defendant incorporates by reference her responses to paragraphs 1 through 47 of the Complaint.

27. Paragraphs 49 through 51 of the Complaint contain statements of law to which no response is required.

28. In response to paragraph 52 of the Complaint, answering defendant denies that plaintiff has been subjected to any alleged discrimination as a result of her alleged acts or omissions and further denies that plaintiff is entitled to any damages or relief,

injunctive or otherwise, as requested in said paragraphs.

**X.**

**PRAYER FOR RELIEF**

In response to plaintiff's prayer for relief, answering defendant denies that plaintiff is entitled to any damages or relief, including injunctive or otherwise.

**WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING DEFENDANT, FOR HER AFFIRMATIVE DEFENSES TO THE COMPLAINT ALLEGES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

The Complaint, and each and every purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against the answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Answering Defendant's Full Performance)**

The answering defendant is informed and believes, and thereon alleges, that she has performed and fully discharged any and all obligations and legal duties to plaintiff, if any, pertinent to the matters alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Excuse and Mistake)**

The answering defendant is informed and believes, and thereon alleges, that some or all of plaintiff's claims are barred under the principles of waiver, estoppel, excuse and/or mistake.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches and Unreasonable Delay)**

The Complaint, and each and every purported claim for relief therein, is barred under the principles of laches and unreasonable delay.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The answering defendant is informed and believes, and thereon alleges, that

plaintiff's claims for damages in the Complaint are barred in that any relief, whether legal or equitable, is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, though under a duty to do so, has failed and neglected to mitigate alleged damages, and therefore, cannot recover against answering defendant, whether as alleged or otherwise.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

The Complaint, and each and every purported claim for relief therein, is barred by the applicable statutes of limitations set forth in California Code of Civil Procedure sections 335.1, 338 and 340, among others.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Privilege)**

Some or all of the claims for damages in the Complaint are barred in that decisions and actions of the answering defendant with respect to the subject matter of this lawsuit, if any, were undertaken in good faith, in the absence of malicious or discriminatory intent, and constituted a lawful, proper, and justified means to further her legitimate economic interests.

**NINTH AFFIRMATIVE DEFENSE**

**(Readily Achievable)**

Some or all of the claims in the Complaint are barred in that the relief plaintiff requests is not readily achievable.

**TENTH AFFIRMATIVE DEFENSE**

**(Structurally Impracticable)**

Some or all of the claims in the Complaint are barred in that the relief plaintiff requests would be structurally impracticable.

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

Some or all of plaintiff's claims are barred because the relief plaintiff requests is unreasonable, would impose an undue burden and/or fundamentally alter the facilities at issue or the nature of the goods or services provided.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unconstitutional)**

Some or all of plaintiff's claims are barred because they are predicated on unconstitutionally vague and/or overly broad interpretations of regulations or laws, alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Some or all of plaintiff's claims are barred by public policy and due process considerations because the Subject Property at issue was constructed relying in good faith upon the law, implementing applicable state regulations, pronouncements from federal and state agencies, and/or state and local approvals. Granting some or all of the relief plaintiff requests would be inequitable and would violate public policy and due process under state and/or federal constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

Some or all of the claims in the Complaint are moot in that the defendants are and/or have been in compliance with the laws, statutes, and regulations governing treatment of individuals with a substantial physical and/or mental limitation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Safety)**

Some or all of the modifications proposed by plaintiff may jeopardize the health and/or safety of customers and/or guests.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Justification)**

Some or all of the answering defendant's actions, if any, were taken in reliance upon the standards and guidelines of the ADA and/or state law and regulations and were reasonably prudent under the circumstances.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

No act or omission of the answering defendant was the proximate cause of plaintiff's damages, if any. In the alternative, plaintiff's alleged damages, if any, were proximately caused by the conduct of plaintiff and/or persons or entities other than the answering defendant. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of plaintiff and/or persons or entities other than the answering defendant up to and including 100 percent. The answering defendant further alleges that if plaintiff recovers, then pursuant to Civil Code sections 1431.2, et seq., she is not liable for any non-economic damages that are not directly proportional to the answering defendant's percentage of fault.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Not Entitled to Attorneys' Fees or Punitive Damages)**

The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle plaintiff to recover attorneys' fees and/or punitive damages against answering defendant.

/ / /

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

To the extent, if any, plaintiff is entitled to any damages, the damages may not exceed the statutory limitations and caps contained in applicable federal and state law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Prospective Relief Only)**

If any relief is granted to plaintiff, it should be granted prospectively only.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

Any recovery on plaintiff's Complaint, or any purported cause of action contained therein, is barred because plaintiff consented to the alleged conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Vagueness, Uncertainty, Ambiguity)**

The Complaint, and each and every purported claim for relief therein, is vague, uncertain and ambiguous.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Absence of Control)**

Answering defendant is an improper party as to some or all causes of action stated in this matter in that she does not own the Wendy's and does not have sufficient control concerning the actions of other parties in this matter.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Modification to Building)**

Plaintiff's claims are barred in whole or in part because the Unruh Civil Rights Act does not require construction, alteration or repair to new or existing establishments.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Existing Facility)**

Plaintiff's claims are barred in whole or in part because the Subject Property was

/ / /

an existing facility not subject to the applicable standards for newly constructed or altered facilities.

This answering defendant currently has insufficient information upon which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. Answering defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That plaintiff take nothing by virtue of this action;
3. For costs of suit and attorneys' fees incurred herein; and
4. For such other and further relief as the Court may deem proper.

DATED: February 25, 2008 Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Lisa K. Widdecke
Julie A. Vogelzang
Lisa K. Widdecke
Attorneys for Defendant Coastline Food Services Corporation and Jacquelyn Littlefield